UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00501-RJC

| | |
|---|---|
| MICHAEL SPENCER BIAS, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>SKILLET CATERING SERVICE, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on review of the docket in this matter.

Pro se Plaintiff Michael Spencer Bias ("Plaintiff") filed this "USC 1983 civil class action lawsuit" on August 9, 2023, on behalf of himself and 19 other Plaintiffs against Defendant Skillet Catering Service. [Doc. 1]. At the time he filed the Complaint, Plaintiff and the 19 other Plaintiffs appear to have been detainees at the Gaston County Jail (the "Jail") in Gastonia, North Carolina. [See id.]. Plaintiff alleges that the food served by the Defendant lacks nutrition and vitamins, is salty, "never" held at proper temperatures, and has roaches "in the biscuit mix." [Id. at 1]. Plaintiffs allege that the food has caused "inmates to become sickly," that the salty food is "against [their] legal medical diet and is causing [their] blood pressure to become high." [Id.]. For relief, Plaintiffs seek monetary relief and that the Court revoke Defendant's license to handle food. [Id. at 2]. Plaintiff, however, failed to pay the filing fee or file an application to proceed in forma pauperis. The Clerk, therefore, issued a Notice of Deficiency on August 10, 2023, advising the Plaintiff that he must either pay the filing fee or file an application to proceed in forma pauperis within 21 days of the Clerk's Notice or the matter may be dismissed without prejudice for

Plaintiff's failure to prosecute.[1] [Doc. 2]. The Notice was sent to Plaintiff the same day at his address of record at the Gaston County Jail. [8/10/2023 (Court Only) Docket Entry]. As such, Plaintiff was required to cure the deficiency by August 31, 2023.

On August 29, 2023, Plaintiff filed a Notice of Change of Address providing the Court with his new residential address. [Doc. 5]. On August 30, 2023, although the Notice of Deficiency had not been returned to the Court as undeliverable, the Court nonetheless directed the Clerk to resend the Notice of Deficiency to Plaintiff at his new address. [See 8/30/2023 (Court Only) Docket Entry]. Even giving Plaintiff the benefit of 21 days from the second mailing of the Notice of Deficiency, the deadline has passed, and Plaintiff has not cured the deficiency. The Court will, therefore, dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice**.

Signed: September 28, 2023

Robert J. Conrad, Jr.
United States District Judge

---

[1] The Clerk also sent Notices of Deficiency to the 19 other Plaintiffs in this matter. These Notices were sent in error. Multiple prisoners are prohibited from joining together as plaintiffs in a single § 1983 action, primarily because of the filing fee requirement found in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1).[1] See Davis v. Aldridge, No. 3:20-cv-00592, 2020 WL 5502306, at *1 (S.D. W.Va. Sept. 11, 2020) (collecting cases). Moreover, a pro se inmate may not represent other inmates in a class action, Fowler v. Lee, 18 Fed. App'x 164, 165 (4th Cir. 2001), and may not sign pleadings on their behalf, Davis, 2020 WL 5502306, at *1 (citation omitted). Notwithstanding other encumbrances and deficiencies in Plaintiff's Complaint, it appears that the Plaintiff here has been released from detention and could not reasonably sign pleadings or otherwise proceed in this action on behalf the Plaintiffs who remain detained.

2

Case 3:23-cv-00501-RJC   Document 9   Filed 09/29/23   Page 2 of 2